# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**EDDIE DABBS**                                                         **PLAINTIFF**

**v.**                                    **No. 2:08CV187-P-A**

**SHERIFF ANDREW THOMPSON, ET AL.**                    **DEFENDANTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Eddie Dabbs, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. For the reasons set forth below, the instant case shall be dismissed for failure to state a claim upon which relief could be granted.

## Factual Allegations

The plaintiff asked the doctor treating inmates at the Coahoma County Jail to refer him for psychological examination, but the doctor denied this request. The plaintiff claims that he had become a threat to himself and others, but does not claim that he has suffered any harm – or harmed anyone else. He has since been moved to the Mississippi State Penitentiary.

## Pending Motions

The plaintiff has submitted two motions to amend his complaint to include claims occurring *after* he filed this case – claims unrelated to his initial claim. Thus, on the face of the plaintiff's pleadings, he has not exhausted his administrative remedies for these claims prior to filing suit. "Absent a valid defense to the exhaustion requirement, the statutory requirement enacted by Congress that administrative remedies must be exhausted before the filing of suit should be imposed. To hold otherwise would encourage premature filing by potential litigants,

thus undermining Congress' purpose in passing the PLRA, which was to provide the federal courts some relief from frivolous prisoner litigation." *Wendell v. Asher,* 162 F.3d 877, 890-91 (5th Cir. 1998). For these reasons, the plaintiff's motions [6], [7] to amend his complaint shall be denied.

## Denial of Medical Treatment

In order to prevail on an Eighth Amendment claim for denial of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105, 50 L. Ed. 2d 251, 260 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Under this standard, a state actor may not be held liable under 42 U.S.C. § 1983 unless plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Only in exceptional circumstances may knowledge of substantial risk of serious harm be inferred by a court from the obviousness of the substantial risk. *Id.* Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986). This same subjective deliberate indifference standard applies to pre-trial detainees under the Fourteenth Amendment as well as convicted inmates under the Eighth Amendment. *See Hare v. City of*

*Corinth*, 74 F.3d 633, 648 (5th Cir. 1996).  A prisoner's mere disagreement with medical treatment provided by prison officials does not state a claim against the prison for violation of the Eighth Amendment by deliberate indifference to his serious medical needs.  *Gibbs v. Grimmette*, 254 F.3d 545 (5th Cir.2001), *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).  In this case, the plaintiff has not alleged any harm from the doctor's decision not to refer him for psychiatric care.  As such, the plaintiff's allegations shall be dismissed with prejudice for failure to state a claim upon which relief could be granted.  A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 17th day of February, 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE